FILED

2019 Jul-29  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| PHILLIP C. STEARMAN AND TRISTAN STEARMAN, | |
| **PLAINTIFFS,** | |
| VS. | Case No.: |
| VESPER TUSCALOOSA, LLC; PROCOLLECT, INC.; EQUIFAX INFORMATION SERVICES, LLC.; and TRANS UNION, LLC., | **7:19-cv-01202-LSC** |
| **DEFENDANT(S).** | |

## COMPLAINT

**COME NOW** Plaintiffs PHILLIP C. STEARMAN, and TRISTAN STEARMAN, (hereafter "Tristan," "Mr. Stearman" or "Plaintiffs") by Counsel and file this Complaint against Defendants named above and aver as follows:

### PRELIMINARY STATEMENT

On March 7, 2017, Plaintiffs signed a Lease with Vesper Tuscaloosa, LLC ("Vesper") at "Crimson Student Living," an apartment community in Tuscaloosa, Alabama. The apartment was for Tristan, a student at the University of Alabama. The Lease term was from August 19, 2017, to August 4, 2018. In August of 2017, Tristan moved into the apartment only to discover that it was uninhabitable due to unhealthy and unsanitary conditions. These conditions were reported to Vesper but were not cured. After that, Plaintiffs gave written notice, under Alabama Code of 1975 §35-9A-201 (f), of termination of the Lease before vacating the premises.

In December of 2018, Plaintiffs received a "Notice of Collection" from Defendant ProCollect, Inc. ("ProCollect"), acting on behalf of Vesper, demanding a total amount of

$7,795.52. The notice stated that it was for unpaid apartment rent. ProCollect also reported this disputed debt to the three major credit bureaus causing damage to Mr. Stearman's reputation and business.

Mr. Stearman's Counsel sent dispute letters to the credit bureaus, including Experian, Equifax, and Trans Union. Each of the bureaus was required to forward the disputes to ProCollect. ProCollect and each of the bureaus was required to reasonably investigate the disputed information and correct the reporting. However, the inaccurate information continued to be reported by Equifax and Trans Union until on or about April 23, 2019

Plaintiffs assert claims against Vesper under the Alabama Landlord Tenant Act, Breach of Contract and State Law and claims against ProCollect for multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. 1681 ("FCRA"), the Telephone Consumer Protection Act ("TCPA") as well as State Law, for wanton collections and invasion of privacy. Plaintiff, Mr. Stearman also brings FCRA claims against Equifax and Trans Union.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1640, 15 U.S.C. 1692k, 12 U.S.C. § 2617 and 28 U.S.C. § 157(b).

2.      The venue is proper under 28 U.S.C. § 1409 because the events giving rise to Plaintiffs' causes of action occurred in this District.

## PARTIES

3.      Plaintiffs Phillip C. Stearman and Tristan Stearman are residents of Tuscaloosa County, Alabama, and consumers as defined by 15 U.S.C. § 1692a(3).

4.      Each Plaintiff is also a "called party" as that term is used by the TCPA.

2

5.      The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

6.      Defendant Vesper Tuscaloosa, LLC ("Vesper") is a foreign limited liability company formed outside the State of Alabama, with its principal place of business in New York. Vesper manages "The Crimson" Apartments, among others.

7.      Defendant ProCollect, Inc., ("ProCollect") is a foreign corporation or other legal entity organized under the laws of the State of Texas with its principal place of business in Dallas, Texas. ProCollect is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

8.      Defendant Equifax Information Services, LLC ("Equifax") is a Georgia Corporation with a principal place of business in the State of Georgia. Equifax does and has, at all pertinent times, done business in this District. Equifax is a Consumer Reporting Agency as defined in § 1681 of the FCRA.

9.      Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company incorporated under the laws of Delaware. Trans Union is a Consumer Reporting Agency as defined in § 1681 of the FCRA.

10.     Defendants Equifax and Trans Union are sometimes referred to herein collectively as the "CRA Defendants."

## FACTUAL ALLEGATIONS

11.     During March of 2017, Mr. Stearman and his son Tristan Stearman, a student at the University of Alabama, were looking for a residence in Tuscaloosa, Alabama.

12.     On or about March 7, 2017, they were shown a model apartment at the "Crimson" by Vesper. The model apartment was clean and suitable for Tristan's use.

3

13.     Based on the suitable model apartment and representations of Vesper's agents Plaintiffs paid a deposit of $1,378.00 and entered into a Lease Agreement ("Lease") with Vesper on March 7, 2017.

14.     The Lease called for payment on the first of each month.

15.     The term of the Lease was from August 19, 2017, until August 4, 2018.   The monthly payments were $674.00 due on the first of each month.

16.     Although the Lease term did not begin until August 19, 2017, Vesper did not · prorate the rent and charged Plaintiffs as if the Lease started on August 1, 2017.

17.     Tristan was assigned a room on August 19, 2017, and moved in on August 20, 2017. After moving in, it was discovered that the room had not been adequately cleaned and was infested with roaches and other insects. Plaintiffs immediately gave notice of the defective condition of the premises and demanded that the defects be cured.

18.     The defects were not cured, Plaintiffs gave notice of termination of the Lease under Ala. Code § 35-9A-401 and Tristan moved out.

19.     During September, October and November 2017 Plaintiffs started getting calls from several numbers including but not limited to, 462-3485, 462-3979, 764-0279, and (205) 469-9752. Some of the area codes were masked on some of the numbers by the words "out of area."

20.     These calls were made to both landline and cellular telephones of the Plaintiffs by Vesper. Vesper intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21.     Vesper made calls to the landline at all hours, including after 8:00 pm. Several of these calls to the landline were made at 2:00 am.

4

22.     On information and belief, some or all of Vesper's calls were made by an automatic dialer and used a prerecorded voice.

23.     During December of 2018, Tristan received a collection letter from ProCollect dated December 17, 2018, and Plaintiffs started receiving calls from ProCollect shortly after that.

24.     The letter demanded payment of $7,795.52 plus a "collection fee" of $7.50 for a total of $7,803.02.

25.     There was no provision in the Lease Agreement for the collection fee, and such fee is prohibited by the Alabama Landlord Tenant Act. In addition the amount demanded contained a sum for unearned rent that should have been prorated.

26.     During December of 2018 and after that, Defendant ProCollect called Mr. Stearman and Tristan on their cellular telephones and landline attempting to collect a debt on behalf of Vesper.

27.     ProCollect's calls were, on information and belief, also made by an automatic dialer and used a prerecorded voice.

28.     ProCollect's calls to Plaintiffs were made from the number 214-382-4871.

29.     ProCollect called Plaintiffs' landline and cellular telephones approximately one hundred (100) times attempting to collect a debt on behalf and at the direction of Vesper.

30.     Plaintiff Tristan Stearman is the subscriber, regular user, and carrier of the cellular telephone number (205) ***-**** and was the called party and recipient of Vesper's and ProCollect's calls.

31.     Plaintiff Phillip Stearman is the subscriber, regular user, and carrier of the cellular telephone number (205) ***-**** and was a called party and recipient of Vesper's and ProCollect's calls.

5

32.     Plaintiff Phillip Stearman is a subscriber, regular user, and carrier of the landline telephone number (205) \*\*\*-\*\*\*\* and was a called party and recipient of Vesper's and ProCollect's calls.

33.     The auto-dialer calls from ProCollect came from telephone number(s) including, but not limited to (214) 382-4871, and when that number is called, a live agent/representative answers, "Thank you for calling ProCollect."

34.     On several occasions, Plaintiffs instructed ProCollect and Vesper to stop calling their telephones orally and in writing.

35.     None of ProCollect's or Vesper's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36.     In addition to the campaign of telephone harassment, ProCollect and Vesper reported to the CRA Defendants and Experian Information Services ("Experian") that $7,796.00 was owing by Mr. Stearman and was "in collection."

37.     March 27, 2019, Mr. Stearman's other Counsel submitted written disputes to the CRA Defendants, Experian and ProCollect directly disputing the accuracy of this information.

38.     The Steramans' other Counsel also demanded that ProCollect stop calling the Plaintiffs.

39.     The dispute notices, two-page single-spaced letters, were comprehensive and detailed, explaining that the Lease with Vesper had been terminated under the Alabama Landlord Tenant Act and the reasons why.

40.     After receipt of the dispute notices, Experian deleted the ProCollect reporting as it should have and is not a party herein. However, Trans Union verified the ProCollect reporting as accurate on April 12, 2019, and Equifax verified the ProCollect debt on April 13, 2019.

41.     On or about April 25, 2019, Mr. Stearman received a "Notice of decreased credit line" from one of his credit card issuers.

42.     The notice stated that the decrease in the credit line was "because your credit report shows a delinquent credit obligation, either paid or unpaid, with another creditor."

43.     None of Mr. Stearman's credit reports contain any delinquent accounts other than the one complained of herein.

44.     This particular credit card account was used by Mr. Stearman and employees at his business, Tank Pro, Inc.

45.     Mr. Stearman was unaware of this 66% decrease in the credit line until employees notified him that they could not buy gasoline and other business-related supplies because their credit cards were declined.

46.     The rejection of the credit cards caused Mr. Stearman personal embarrassment and lost profits.

## COUNT I
## BREACH OF CONTRACT

47.     This Count is against Defendant Vesper only.

48.     All the relevant forgoing factual allegations are incorporated by reference in this Count.

49.     On or about the 7th day of March 2017, Plaintiffs and Vesper entered into an Agreement, a copy of which is attached hereto as Exhibit A.

50.     Vesper breached said Agreement by failing to deliver the premises in a livable condition causing Plaintiffs' damages mentioned above.

51.     Said breach of contract caused Plaintiffs mental anguish, loss of time and money.

WHEREFORE, Plaintiffs demand Judgment against Defendant Vesper in a sum to be determined at Trial.

## COUNT II
## ALABAMA LANDLORD TENANT ACT

52.    All the relevant forgoing factual allegations are incorporated by reference in this Count.

53.    This Count is against Defendant Vesper only.

54.    Vesper failed to deliver a habitable unit in violation of Alabama Code 1975 § 35-9A-204.

55.    As a result of said failure Plaintiffs had the right to terminate the Rental Agreement upon written notice to the landlord, and within five (5) days after that, Vesper was obligated to return all prepaid rent and security deposit.

56.    Vesper failed and refused to refund the security deposit and first month's rent and owes Plaintiffs $1,378.00 plus attorney's fee and costs of this action.

WHEREFORE, Plaintiffs demand Judgment against Defendant Vesper in a sum determined at Trial plus attorney's fees and costs of this action.

## COUNT III
## WANTON COLLECTIONS/INVASION OF PRIVACY

57.    Plaintiffs reallege and incorporate all of the preceding paragraphs as if fully set out herein.

58.    This Count is against Vesper and ProCollect.

59.    Alabama law imposes upon any creditor and any collector the duty not to take actions to collect a debt which exceed the bounds of reasonableness and/or which wrongfully intrude upon the privacy of the debtor.

8

60.     The actions taken by the Defendants subjecting Plaintiffs to repeated and harassing collection calls, constitute a wrongful invasion of Plaintiffs' privacy and exceeded the bounds of reasonableness. Those acts also constitute the wanton collection of alleged debt conducted with a wanton or reckless disregard for the Plaintiffs' welfare.

61.     This claim is not premised reporting of credit information to any consumer reporting agency.

**WHEREFORE**, Plaintiffs requests that this Court enter a judgment against ProCpllect and Vesper for the invasion of privacy and/or wanton collections and award them compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

62.     This Count is against Vesper and ProCollect.

63.     All the relevant forgoing factual allegations are incorporated by reference in this Count.

64.     Defendants willfully violated the TCPA concerning Plaintiffs. for each of the auto-dialer calls made to Plaintiffs' cellular telephones both before and after Plaintiffs notified them that they wished for the calls to stop.

65.     Vesper repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of Federal Law, including 47 U.S.C § 227(b)(1)(A)(iii).

9

66.     ProCollect repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of Federal Law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a Trial by a jury on all issues so triable and Judgment against Defendants for statutory damages of $1,500 for each call.

## COUNT V
## FAIR DEBT COLLECTION PRACTICES ACT

67.     This Count is against ProCollect only.

68.     All the relevant forgoing factual allegations are incorporated by reference in this Count.

69.     ProCollect has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70.     ProCollect has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

71.     ProCollect has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable . means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiffs respectfully request that Judgment be entered against Defendant ProCollect for the following:

        a.   Actual and statutory damages under 15 U.S.C. 1692k;

        b.   Costs and reasonable attorney's fees under 15 U.S.C. § 1692k; and

        c.   Such other and further relief as this Court deems just and proper.

## COUNT VI
## FAIR CREDIT REPORTING ACT 1681-s(2)(B)

72.     All the relevant forgoing factual allegations are incorporated by reference in this Count.

73.     This Count is against ProCollect only.

74.     This is a claim by Mr. Stearman against ProCollect for violations of the Federal Fair Credit Reporting Act ("FCRA"), U.S.C. §1681 et seq.

75.     ProCollect furnishes credit information to consumer credit reporting agencies as FCRA defines those terms. ProCollect is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

76.     At all relevant times and at least as early as March of 2018, ProCollect provided derogatory, false and disputed credit information about Mr. Stearman to consumer reporting agencies ("CRAs"), including Equifax, Experian, and Trans Union.

77.     The CRA Defendants reported this false and derogatory information to third parties, including Mr. Stearman's potential lenders and others who may be in a position of evaluating his creditworthiness, credit standing, credit capacity, character, and general reputation.

78.     As stated above, Mr. Stearman provided written disputes of this information to Equifax, Experian, and Trans Union.

79.     The disputes described herein each constitutes a "consumer dispute," and each dispute triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b). Upon information and belief, information about each dispute was forwarded to ProCollect, as required by 15 U.S.C. § 1681i(a)(2).

80.     Information was available to ProCollect that should have, upon any reasonable investigation, informed it that it was reporting false information regarding Mr. Stearman. Despite

11

its knowledge that the information being reported was false and could not be verified by any reliable account records, ProCollect repeatedly verified the false and derogatory information as accurate, knowing that by doing so Mr. Stearman's creditworthiness would be damaged.

81.     ProCollect has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b). These actions include, but are not limited to, the following:

a.     Failing to fully, properly or reasonably investigate Mr. Stearman's dispute of the reporting of the false and derogatory information;

b.     Failing to review all relevant information regarding the dispute and by disregarding that information after review; and

c.     After receiving notice of the dispute directly from Plaintiffs and the credit bureaus, continuing to submit false and derogatory information to consumer reporting agencies. ProCollect knew that information to be false, incomplete, and not verifiable and failed to modify, delete or permanently block the reporting of credit information which ProCollect knew to be false, incomplete, and not valid.

82.     As a proximate result of this conduct, Mr. Stearman suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from the credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

75.     ProCollect's acts and omissions made in violation of the FCRA were willful, entitling Mr. Stearman to recover remedies provided in 15 U.S.C. §1681n.

76.     ProCollect's acts and omissions made in violation of the FCRA were negligently · made, entitling Mr. Stearman to recover the remedies provided under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff, Phillip Stearman requests that this Court enter a Judgment against Defendant ProCollect for negligent and willful violations of the FCRA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment; statutory damages; punitive damages; costs and attorney's fees and further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VII
## (FCRA VIOLATIONS-CRA DEFENDANTS)

77.     Mr. Stearman realleges and incorporates all of the preceding paragraphs as if fully set out herein.

78.     This Count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendants Equifax and Trans Union under 15 U.S.C. § § 1681o and 1681n.

79.     Each of the CRA Defendants is a "Consumer Reporting Agency" as that term is defined in FCRA.

80.     Each of the CRA Defendants has reported false and derogatory credit information on Mr. Stearman's credit report relating to the above-described loan. This information was published to third parties, including Mr. Stearman's potential lenders and others in a position to evaluate Mr. Stearman's creditworthiness, credit standing, credit capacity, character, and general reputation. This false and derogatory information was, at all relevant times, reported by the CRA Defendants to said third parties by a "Consumer Report" as that term is defined in the FCRA.

81.     Mr. Stearman, through Counsel, notified the CRA Defendants that the information being reported in his credit file related to ProCollect was false, and he provided documentation supporting his dispute and requested that the data be corrected.

13

82.     Each of the CRA Defendants failed in its duty to reasonably investigate Mr. Stearman's disputes and merely parroted the false information supplied by ProCollect without performing any meaningful or reasonable independent investigation

83.     The CRA Defendants failed to comply with the requirements of the FCRA in one or more of the following ways:

(a)     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Mr. Stearman, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Mr. Stearman;

(b)     By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine wherein the disputed information was accurate, complete and correct;

(c)     By willfully and/or negligently failing to delete data which each of the CRA Defendants knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

(d)     By failing to adequately respond to Mr. Stearman's disputes as required by 15 U.S.C. § 1681;

(e)     By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Mr. Stearman.

84.     As a proximate result of this conduct, Mr. Stearman suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

85.     The CRA Defendants' acts and omissions made in violation of the FCRA were willful, entitling Mr. Stearman to recover the remedies provided in 15 U.S.C. §1681n.

86.     The CRA Defendants' acts and omissions made in violation of the FCRA were negligently made, entitling Mr. Stearman to recover the remedies provided under 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Stearman requests that this Court enter separate judgments against Equifax and Trans Union for negligent and willful violations of the FCRA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Mr. Stearman further requests such other relief as the Court deems just and proper, the premises considered.

**It is respectfully** submitted on this the 26th day of July 2019

Earl P. Underwood, Jr.
**UNDERWOOD & RIEMER, P.C.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:      (251) 990-5558**
**Facsimile:      (251) 990-0626**
**E-mail:          epunderwood@alalaw.com**
*Attorney for Plaintiff Phillip C. Stearman*

PLAINTIFFS DEMAND A TRIAL BY JURY

15

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS

VESPER TUSCALOOSA, LLC
C/O COPELAND, FRANCO, SCREWS & GILL, P.A.
444 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

PROCOLLECT, INC.
C/O REGISTERED AGENT JOHN W. BOWDICH
10440 N. CENTRAL EXPRESSWAY, SUITE 1540
DALLAS, TEXAS 75231

TRANS UNION, LLC
C/O PRENTICE-DAVIS CORPORATION SYSTEM INC.
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

EQUIFAX INFORMATION SERVICES, LLC
C/O CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104