FILED

2019 Aug-23  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP C. STEARMAN AND TRISTAN STEARMAN,** | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **7:19-cv-01202-LSC** |
| | § | |
| **VESPER TUSCALOOSA, LLC; PROCOLLECT, INC; EQUIFAX INFORMATION SERV.S, LLC; and TRANS UNION, LLC.,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendant(s)*. | § | |

---

## DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER

---

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to *Plaintiff's Complaint* (the "Complaint") filed by Plaintiffs Phillip C. Stearman and Tristan Stearman ("Tristan," "Mr. Stearman" or "Plaintiffs").

### A. ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

### PRELIMINARY STATEMENT

In the unnumbered paragraphs comprising the Preliminary Statement,

Defendant admits that Plaintiffs' signed a Lease as alleged, Defendant was hired to collect on an alleged past due balance regarding the Lease from the Original Creditor, Defendant sent initial 1692g(a) validation letters to Plaintiffs in December 2018, and reported the alleged debt to the CRAs. Defendant also properly investigated the alleged debt, and after initially verifying the debt and reporting it as disputed based on the signed Lease, final account statement and verification by the Original Creditor, Defendant decided to delete the account, and did so within 30 days of receiving any ACDVs from the consumer reporting agencies. In addition, Defendant had express consent to call Plaintiffs on the telephone numbers provided by the Original Creditor, and thereafter by oral permission. Other than as provided by this paragraph, Defendant denies all other allegations in Plaintiffs' Preliminary Statement other than Defendant acknowledges the claims plead by Plaintiffs, but denies any liability with respect to Defendant.

JURISDICTION AND VENUE

1.      Defendant does not contest subject jurisdiction as alleged in Paragraph 1.

2.      Defendant does not contest venue as alleged in Paragraph 2.

PARTIES

3.      Defendant lacks sufficient information to know the truth about the

allegations contained in Paragraph 3.

4.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 4.

5.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 5.

6.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 6.

7.     Defendant admits the allegations in Paragraph 7.

8.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 8.

9.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 9.

10.     Paragraph 10 does not contain any facts for Defendant to admit or deny.

FACTUAL ALLEGATIONS

11.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 11.

12.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 12.

13.     Defendant admits that Plaintiffs' signed a Lease with the Original

Creditor, but lacks sufficient information to know the truth of the remaining allegations in Paragraph 13.

14.    Defendant admits the allegations in Paragraph 14.

15.    Defendant admits the allegations in Paragraph 15.

16.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 16.

17.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 17.

18.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 18.

19.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 19.

20.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 20.

21.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 21.

22.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 22.

23.    Defendant admits sending a collection letter to the Plaintiffs, however denies the remaining allegations in Paragraph 23.

24.     Defendant admits the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25, including, in part, because the Lease provides for collection fees at Section 16(d).

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant admits using a prerecorded voice in certain of its calls to Plaintiffs, but denies the remaining allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 30.

31.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 31.

32.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 32.

33.     Defendant admits that calls to Defendant were answered by a live representative with a similar greeting as alleged, but denies the remaining allegations in Paragraph 33.

34.     Defendant denies  the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35 with respect to ProCollect, and lacks sufficient information about the truth of the remaining

allegations in Paragraph 35.

36.    Defendant admits reporting the alleged debt in the amounts verified by the Original Creditor and supported by documentation until April, 2019 when, by agreement reached with Plaintiffs' counsel, agreed to request deletion of the account with the consumer reporting agencies.  For the remaining allegations in Paragraph 36, Defendant lacks sufficient information about the truth of the remaining allegations.

37.    Defendant admits receiving a dispute from Plaintiffs' Counsel, but lacks sufficient information about the remaining allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38, but does admit, upon receipt of notice of Plaintiffs' representation by counsel, no further calls were made to Plaintiffs directly.

39.    The letter(s) referred to in Paragraph 39 will speak for themselves, such that Defendant admits whatever the letters recite, but denies any mischaracterizations or otherwise with respect to such letter(s).

40.    Defendant admits that it requested deletion of Plaintiffs' Account on April 23, 2019, in accordance with an agreement with Plaintiffs' Counsel, which was within 30 days of receiving the ACDV from the CRAs; and Defendant lacks sufficient information to know the truth about the remaining allegations in Paragraph 40.

41.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 41.

42.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 42.

43.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 43.

44.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 44.

45.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 45.

46.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 46.

## COUNT I
## BREACH OF CONTRACT

47.    Defendant acknowledges the allegation in Paragraph 47.

48.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

49.    Defendant admits the allegations in Paragraph 49.

50.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 50, and therefore denies same.

51.    Defendant lacks sufficient information to know the truth about the

allegations contained in Paragraph 51, and therefore denies same.

In the unnumbered request for relief for Count I, Defendant lacks sufficient information to know the truth about the allegations contained, and therefore denies same.

C<small>OUNT</small> II
A<small>LABAMA</small> L<small>ANDLORD</small> T<small>ENANT</small> A<small>CT</small>

52.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraph as though fully set forth herein.

53.    Defendant acknowledges the allegation in Paragraph 53.

54.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 54, and therefore denies same.

55.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 55, and therefore denies same.

56.    Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 56, and therefore denies same.

In the unnumbered request for relief for Count I, Defendant lacks sufficient information to know the truth about the allegations contained, and therefore denies same.

C<small>OUNT</small> III
W<small>ANTON</small> C<small>OLLECTIONS</small>/I<small>NVASION OF</small> P<small>RIVACY</small>

57.    Defendant re-alleges and incorporates by reference each of its

responses to the preceding paragraph as though fully set forth herein.

58.   Defendant acknowledges the allegation in Paragraph 58.

59.   Paragraph 59 contains only legal argument, and not any factual averments about Plaintiffs' claims for Defendant to admit or deny.  To the extent that Paragraph 59 does contain any factual averments, Defendant denies same.

60.   Defendant denies the allegations in Paragraph 60.

61.   Defendant acknowledges the allegation in Paragraph 61.

In the unnumbered request for relief following Count III, Defendant denies that Defendant is liable and denies that Plaintiffs are entitled to any relief as a result of Count III.

## COUNT IV
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

62.   Defendant acknowledges the allegations in Paragraph 62.

63.   Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraph as though fully set forth herein.

64.   Defendant admits calling Plaintiffs, however denies the remaining allegations in Paragraph 64, including but not limited to the fact that Defendant had express consent to call Plaintiffs.

65.   Defendant lacks sufficient information to know the truth about the allegations in Paragraph 65.

66.   Defendant denies the allegations in Paragraph 66.

In the unnumbered request for relief following Count IV, Defendant denies that Defendant is liable and denies that Plaintiffs are entitled to any relief as a result of Count IV.

COUNT V

FAIR DEBT COLLECTION PRACTICES ACT

67.     Defendant acknowledges the allegations in Paragraph 67.

68.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraph as though fully set forth herein.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

In the unnumbered request for relief following Count V, Defendant denies that Defendant is liable and denies that Plaintiffs are entitled to any relief as a result of Count V.

COUNT VI

FAIR CREDIT REPORTING ACT 1681-S(2)(B)

72.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraph as though fully set forth herein.

73.     Defendant acknowledges the allegation in Paragraph 73.

74.     Defendant acknowledges the allegation in Paragraph 74.

75.     Defendant admits that it is a data furnisher pursuant to the FCRA, and

is bound by the requirements of a data furnisher under the FCRA, but denies the remaining allegations in Paragraph 75.

76.   Defendant denies the allegations in Paragraph 76.

77.   Defendant denies the allegation in Paragraph 77.

78.   Defendant admits the allegation in Paragraph 78.

79.   Defendant admits the allegations in Paragraph 79.

80.   Defendant denies the allegations in Paragraph 80.

81.   Defendant denies the allegations in Paragraph 81.

75.[sic] Defendant denies the allegation in Paragraph 75.

76.[sic] Defendant denies the allegation in Paragraph 76.

COUNT VII
(FCRA VIOLATIONS-CRA DEFENDANTS)

77.[sic] Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraph as though fully set forth herein.

78. [sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 78, and therefore denies same.

79. [sic] Defendant admits the allegation in Paragraph 79.

80.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 80, and therefore denies same.

81.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 81, and therefore denies same.

82.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 82, and therefore denies same.

83.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 83, including subsections (a)-(e), and therefore denies same.

84.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 84, including subsections (a)-(e), and therefore denies same.

85.[sic] As this is an averment against the CRAs, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 85, including subsections (a)-(e), and therefore denies same.

86.[sic] Defendant denies that Plaintiffs are entitled to any costs and reasonable attorneys' fee as provided in Paragraph 86.

## PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiffs and denies that Plaintiffs are entitled to any requests for relief against Defendant.

## B. <u>AFFIRMATIVE DEFENSES</u>

AD1. At all relevant times, ProCollect maintained and followed reasonable procedures to avoid violations of the FCRA.

AD2. ProCollect, in compliance with the FCRA, reasonably reinvestigated Plaintiffs' alleged debt and verified and updated its data furnishing accordingly.

AD3. ProCollect maintains that it properly and timely changed its reporting of Plaintiffs' information to the consumer reporting agencies as disputed, and thereafter to a request for deletion; and ProCollect has not acted with negligence, malice, actual malice, or willful intent to injure Plaintiffs or fail to follow the obligations of the FCRA.

AD4. Even if Plaintiffs prove the allegations in the Complaint, Defendant is not liable to Plaintiffs because the FDPCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Defendant did not intentionally violate the FDCPA, and Defendant maintains policies, procedures and practices to prevent the conduct alleged by Plaintiffs. Any actions or omissions resulting in the alleged FDCPA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c).

AD5. Plaintiff's (Tristan's) claims against Defendant are barred in whole or in part, because Plaintiffs lacks standing, and/or Defendant is not liable for Plaintiffs' claims, as Plaintiffs do not have any injury-in-fact following a mere technical or procedural violation or immaterial violation of the FDCPA.  *See e.g., Spokeo, Inc. v. Robins*, 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed. 2d 762, 83 U.S.L.W. 3819 (U.S. 2015).

AD6.  Plaintiffs' claims against Defendant are barred by unclean hands.

AD7.  Plaintiffs' claims against Defendant are barred in whole or in part by Plaintiffs' failure to mitigate damages and/or proportionate responsibility.

AD8.  Plaintiffs' claims against Defendant are barred in whole or in part by novation, settlement, promissory estoppel, and waiver based on an agreement to forego asserting claims in exchange for a request for deletion by Defendant to the consumer reporting agencies.

AD9.  As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, illegality, perjury, unclean hands, and waiver.  The extent to which Plaintiffs' claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to

complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD10. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD11. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

AD12.    Defendant seeks attorney's fees against Plaintiffs pursuant to FDCPA § 1692k(a)(3) as Plaintiffs brought this suit in bad faith and for the purpose of harassment, particularly after Defendant and Plaintiffs agreed to resolve the claims for deletion of the credit reporting.

## PRAYER

Defendant ProCollect requests a judgment that Plaintiffs takes nothing on their claims against ProCollect and that Plaintiffs' claims against ProCollect are dismissed, as well as an award of attorney's fees and costs against Plaintiffs, if applicable.  ProCollect prays for such other and further relief to which ProCollect is entitled.

**DATED: August 23, 2019**

Respectfully submitted,

ATTORNEYS FOR PROCOLLECT:

*/s/ Jason L. Yearout*
Jason L. Yearout, (ASB-4487-T80J)
**YEAROUT & TRAYLOR, P.C.**
3300 Cahaba Road, Suite 300
Birmingham, AL 35223
t. 205.414.8160
f. 205.795.7169
e. jyearout@yearout.net

And counsel that will be seeking
*pro hac vice* admission:

JOHN W. BOWDICH
Texas Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
10440 N. Central Expy., Ste. 1540
Dallas, Texas 75231
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

## CERTIFICATE OF SERVICE

On August 23, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Alabama using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

ATTORNEYS FOR PLAINTIFF:

Earl P. Underwood, Esq. (VIA ECF)
**UNDERWOOD & RIEMER, P.C.**
21 South Section Street
Fairhope, AL 36532

ATTORNEYS FOR TRANS UNION:

Matthew Robinett, Esq. (VIA ECF)
**NORMAN WOOD KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205

ATTORNEYS FOR VESPER TUSCALOOSA:

Clay A. Tindal, Esq. (VIA ECF)
**TINDALL LAW LLC**
2200 University Blvd
Tuscaloosa, AL 35401

ATTORNEYS FOR EQUIFAX:

Kirkland E. Reid, Esq. (VIA ECF)
**JONES WALKER, LLP**
11 N. Water Street, Suite 1200
Mobile, Alabama 36602

*/s/ Jason L. Yearout*
Of Counsel