# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| PHILLIP C. STEARMAN AND ) <br> TRISTAN STEARMAN ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> VESPER TUSCALOOSA, LLC; ) <br> PROCOLLECT, INC.; EQUIFAX ) <br> INFORMATION SERVICES, LLC; ) <br> and TRANS UNION, LLC, ) <br> ) <br> **Defendants.** ) | CASE NO.: <br> **7:19-cv-1202-LSC** |

## **PLAINTIFFS' RULE 12(B)(6) MOTION TO DISMISS**

Plaintiffs/Counter-Defendants Phillip C. Stearman and Tristan Stearman (collectively referred to as "Plaintiffs") come before this Honorable Court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to file the following Motion to Dismiss Count Three of the Counterclaim [Document 20] filed in this action by against Plaintiffs by Defendant/Counter-Plaintiff Vesper Tuscaloosa, LLC ("Vesper"):

## **PRELIMINARY STATEMENT**

Count Three of Vesper's Counterclaim alleges breach of good faith and fair dealing against Plaintiffs (i.e., "bad faith"). Vesper is the former landlord for Plaintiffs pursuant to a written lease agreement. Vesper alleges contract based claims

against Plaintiffs based on the terms of the lease agreement. No insurance claims are the subject of this action or any claims asserted herein. Alabama law does not allow for separate causes of action for breach of good faith and fair dealing for under contract or tort for non-insurance claims. Therefore, Vesper cannot possibly prevail on Count Three of its Counterclaim against Plaintiffs, which causes Count Three due to be dismissed under *Fed.R.Civ.P.*, Rule 12(b)(6).

## COUNTERCLAIM ALLEGATIONS

### A. Factual Allegations

1. Vesper alleges Plaintiffs and Vesper entered into a [written] lease agreement for rental of an apartment unit in a complex owned by Vesper and located in Tuscaloosa, Alabama ("Lease"). [Doc. 20, p.27].

2. Vesper alleges the Lease required Plaintiffs to pay Vesper money for monthly rent by or before the first day of each month during the lease term of August 19, 2017 through August 4, 2018. [Id.].

3. Vesper alleges the Lease did not require a security deposit and that no such deposit was tendered to Vesper by Plaintiffs. [Id.].

4. Vesper alleges Tristan Stearman ("Tristan") took possession of the Vesper unit in August of 2017, but "failed to compete and return the Inventory and Condition form within twenty-four (24) hours of the Lease's start date." [Id. at p.28].

5. Vesper alleges that between August 23, 2017 – September 11, 2017, Plaintiffs and employee(s) from Vesper communicated about Plaintiffs complaints as to the pest issues, concerns, and cleanliness of the Vesper unit. Vesper also alleges Phillip Stearman ("Phillip") notified Vesper in writing during this same time that Tristan would be terminating the lease and moving out of the unit. [Id. at 28-31].

6. Vesper alleges that during the same time, its employee(s) emailed Phillip on more than one occasion to tell him that Vesper does not accept Plaintiffs' termination of the Lease. [Id. at 29-31].

7. Vesper alleges that Plaintiffs "failed or refused to remit payment pursuant to the terms of the Lease and pursuant to Phillip's guaranty of the Lease." [Id. at 31].

8. Vesper alleges it therefore, turned over the Plaintiffs' account to an outside collection firm. [Id.].

9. Vesper alleges that "[t]o date, Plaintiffs have failed or refused to honor their contractual, statutory, and common law obligations, and instead, instituted this action in bad faith in an effort to threaten and harass Vesper just as Phillip did by email." [Id.].

### B.  Count Three Claim Allegations– Breach of Common Law and Statutory Duty of Good Faith and Fair Dealing

10. Vesper pleads that Plaintiffs "owed Vesper a common-law and

statutory duty of good faith and fair dealing", but that Plaintiffs violated or breached this good faith and fair dealing duties owed to Vesper causing Vesper alleged damages. [Doc.20, pp.33-35].

11.     Vesper pleads that Tristan breached his duty of good faith and fair dealing owed to Vesper by "failing to provide the timely and adequate notice, refusing to afford Vesper the time allotted by the Lease and by the applicable law to investigate and cure and alleged issues, attempting to wrongfully, unilaterally terminate the Lease, abandoning the unit, and failing or refusing to honor his other obligations under the Lease." [Id. at 34].

12.     Vesper pleads that Phillip breached his duty of good faith and fair dealing with Vesper by "failing to provide timely and adequate notice as described above, refusing to afford Vesper the time allotted by the Lease and by the applicable law to investigate and cure any alleged issues, attempting to wrongfully, unilaterally terminate the Lease, and threatening to take actions there were known to be way outside the bounds of the dispute solely to harass, intimidate, coerce, or otherwise wrongfully force Vesper to consent to his demands." [Id.].

13.     Vesper further pleads that Plaintiffs together have acted in "bad faith"; without "business judgment concern"; and without the care and concern a reasonable person in like position would have exercised under similar circumstances by filing this litigation and basing part of their claim upon a security deposit Vesper alleges

was not paid. [Id.].

## STANDARD OF REVIEW

A court may dismiss a complaint under *Fed.R.Civ.P.*, Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Wright v. Birmingham Bd. of Educ.*, No. 2:05-CV-2238-VEH, 2006 WL 8437799, at *1 (N.D. Ala. May 9, 2006); citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The evaluation of a Rule 12(b)(6) motion is "limited primarily to the face of the complaint and attachments thereto." *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.,* 708 F.3d 1243, n. 13 (11th Cir.2013). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001). To survive Rule 12(b)(6)scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

## SUMMARY OF ARGUMENT

**Vesper's claim to relief under Count Three of its Counterclaim is not plausible on its face under Alabama law and therefore, nothing pled can lead to evidence in the future allowing for relief under Count Three.**

The facts as pled by Vesper can never support a claim for relief based on breach of good faith and fair dealing (i.e., "bad faith) because Alabama does not recognize such claims outside of an insurance contract. Therefore, dismissal of Vesper's Count Three is proper under Rule 12(b)(6) of the *Fed.R.Civ.P.* because it alleges Plaintiffs are in breach of their duty of good faith and fair dealing with Vesper for reasons outside the express terms of the Lease and no insurance claims are pled by the parties to be at issue in the case.

The Alabama Supreme Court has consistently and explicitly held that there is not good faith contractual cause of action. *Tanner v. Church's Fried Chicken, Inc.,* 582 So.2d 449, 451 (Ala.1991); *Government Street Lumber Co. v. AmSouth Bank, N.A.,* 553 So.2d 68, 72 (Ala.1989); *Lake Martin/Alabama Power Licensee Ass'n, Inc. v. Alabama Power Co.,* 601 So. 2d 942, 944–45 (Ala. 1992). Furthermore, Alabama courts have consistently maintained that that there can be no valid bad faith claim pursued as a tort claim "beyond the area of insurance policy cases."

See *Brown–Marx Associates, Ltd. v. Emigrant Savings Bank,* 527 F.Supp. 277 (N.D.Ala.1981), aff'd, 703 F.2d 1361 (11th Cir.1983); *Harrell v. Reynolds Metals Co.,* 495 So.2d 1381, 1388 (Ala.1986)."

This position is based on the general rule that "every contract carries with it an implied-in-law duty of good faith and fair dealing". *Chavers v. National Security Fire & Casualty Co.,* 405 So.2d 1 (Ala.1981); *Eager Beaver Buick, Inc. v. Burt,* 503 So.2d 819, 822 (Ala.1987)( involved a breach of an implied promise not to hinder or delay performance of the specific terms of the contract by the other party, which contracting parties impliedly promise not to do. "A breach of this implied promise may be construed as an actual breach of the contract, thereby giving the other party a cause of action on the contract."); *Hilley v. Allstate Ins. Co.,* 562 So. 2d 184, 190 (Ala. 1990); see, also, *Hoffman–LaRoche, Inc. v. Campbell,* 512 So.2d 725 (Ala.1987); *Brown–Marx Associates, Ltd.,* 527 F.Supp. 27, aff'd, 703 F.2d 1361 (11th Cir.1983). While the proposition is recognized that neither party to a contract will interfere with the rights of the others to receive the benefits of the agreement, we allow a claim for good faith under contract and tort law in addition to the implied and express duties already set out in the specific terms of a contract would supply a term that adds something new or different to the rights and obligations to which the parties have expressly agreed or to vary clear contract terms. *Hilley,* 562 So. 2d at 190; cited by *Dyas v. City of Fairhope*, 2010 WL 5158381 * 4 (S.D.Ala.Dec.4,

2010). Therefore, Alabama courts do not recognize a bad faith claim under contract law absent a breach of a specific term of the contract lending to breach of the express or implied contract term.

Vesper has pled in Count Three of its Counterclaim against Plaintiffs not that Plaintiffs breached specific terms of the Lease. Instead, Vesper pleads that Plaintiffs' communications and other actions were performed in "bad faith", without "business judgment concern"; and "not consistent with the degree of care and concern a reasonable person in like position would have exercised under similar circumstances". [Doc. 20, p.34]. Examples given by Vesper in its pleading of Plaintiffs' "bad faith" actions which are the basis of Vesper's Count Three are 1) filing this litigation, 2) basing part of Plaintiffs' claim upon a security deposit Vesper alleges was not paid, and 3) threatening to take actions outside the bounds of the dispute solely to harass, intimidate, coerce, or otherwise wrongfully force Vesper to consent to Plaintiffs' demands. [Id. at 34 and 35].

Clearly, none of the reasons given by Vesper in its claim for breach of good faith and fair dealing (Count Three) are allegations of breaches of specific terms of the Lease, unlike the specific terms of the Lease alleged to be breached in Vesper's Counts One and Two of its Counterclaim. Instead, Vesper attempts to plead and add something new or different to the rights and obligations to which Vesper and Plaintiffs expressly agreed to in the Lease. Alabama does not allow this "good-faith

contractual cause of action". *Tanner v. Church's Fried Chicken, Inc.,* 582 So.2d 451; *Government Street Lumber Co.,* 553 So.2d 72; *Lake Martin/Alabama Power Licensee Ass'n, Inc.,* 601 So. 2d 944–45. Therefore, there are no set of circumstances as pled by Vesper that can lead to it getting relief under its Count Three breach of good faith and fair dealing claim. Vesper's nor Plaintiffs' pleadings allege that their claims arise from dealings in relation to insurance claims/policies. Therefore, Vesper cannot under any circumstances prevail on bad faith claim pursued as a tort claim. *Brown–Marx Associates, Ltd.,* 527 F.Supp. 277 (N.D.Ala.1981), aff'd, 703 F.2d 1361 (11th Cir.1983).

## CONCLUSION

WHEREFORE, the above premises considered, Plaintiffs Tristan Stearman and Phillip C. Stearman, respectfully request this Honorable Court dismiss with prejudice pursuant to Rule 12(b)(6) of the F.R.C.P. Count Three of Vesper Tuscaloosa, LLC's Counterclaim because its fails to state a claim upon which relief can be granted.

    Respectfully submitted on October 22, 2019, by

    /s/ *K. Amanda Barton*
K. Amanda Barton (ASB-4561-I62H)
BARTON LAW, LLC
311 Magnolia Ave., Suite 107
Fairhope, Alabama 36532
Telephone:  (251) 300-2503
Facsimile:   (251) 928-3943

kab@bartonlawpractice.com  
*Attorney for Plaintiffs/Counter-Defendants,*  
*Phillip C. Stearman and Tristan Stearman*

**OF COUNSEL:**
Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, P.C.
21 South Section Street
Fairhope, AL 36532
Phone: (251) 345-1234
Fax: (251) 990-0626
epunderwood@alalaw.com
*Attorney for Plaintiffs/Counter-Defendants,*
*Phillip C. Stearman and Tristan Stearman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019, I served a copy of the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to the following counsel of record:

Matthew W. Robinett
Email: mrobinett@nwkt.com

Jason L. Yearout
Email: jyearout@yearout.net

Kirkland E. Reid
Email: kreid@joneswalker.com

Clay A. Tindal
Email: clay@tindalfirm.com

Troy T. Tindal
Email: troy@tindallaw.net

*/ s/ K. Amanda Barton*
**K. Amanda Barton**