FILED
2019 Nov-25  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP C. STEARMAN AND** | ) | |
| **TRISTAN STEARMAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | **7:19-cv-1202-LSC** |
| **VESPER TUSCALOOSA, LLC;** | ) | |
| **PROCOLLECT, INC.; EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC;** | ) | |
| **and TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiffs/Counter-Defendants Phillip C. Stearman and Tristan Stearman (collectively referred to as "Plaintiffs") come before this Honorable Court to file the following Answer and Affirmative Defenses to Defendant/Counter-Plaintiff Vesper Tuscaloosa, LLC's Counterclaim against Plaintiffs:

## ANSWER

### Jurisdiction and Venue

1. The allegations in Paragraph 1 of the Counterclaim do not require a response from Plaintiffs, but instead state or call for a legal conclusion. If a response is required, Plaintiffs deny the allegations contained in Paragraph 1 of the Counterclaim.

2.  Admitted.

## Parties

3.      Upon information and belief, Plaintiffs admit the allegations contained in Paragraph 3 of the Counterclaim regarding Vesper Tuscaloosa, LLC ("Vesper").

4.      Admitted.

5.      Admitted.

## Factual Summary

6.      The allegations in Paragraph 6 of the Counterclaim do not require a response from Plaintiffs. If a response is required, Plaintiffs deny the allegations contained in Paragraph 6 of the Counterclaim.

7.      Admitted.

8.      Plaintiffs deny the allegations contained in Paragraph 8 of the Counterclaim and demand strict proof thereof.

9.      The allegations contained in Paragraph 9 of the Counterclaim reference written documents that speak for themselves. Plaintiffs deny allegations contained in Paragraph 9 and demand strict proof thereof.

10.      Plaintiffs admit that Tristan took possession of the apartment unit in question on or about August 19, 2017. However, Plaintiffs deny each and every remaining allegation in Paragraph 10 of the Counterclaim and demand strict proof thereof.

11.    Plaintiffs admit that emails were exchanged between Phillip C. Stearman ("Phillip") and DeJuan Franklin ("Franklin") on August 23, 2017. However, Plaintiffs deny each and every remaining allegation in Paragraph 11 of the Counterclaim and demand strict proof thereof.

12.    Plaintiffs admit that emails were exchanged between Phillip and Franklin on August 24, 2017. However, Plaintiffs deny each and every remaining allegation in Paragraph 12 of the Counterclaim and demand strict proof thereof.

13.    Plaintiffs admit that emails were exchanged between Phillip and Franklin on August 24, 2017. Plaintiffs also admit that Phillip communicated to Franklin by email on this same day that Plaintiffs were terminating the lease and gave the reason why termination was necessary- "very un-sanitary unit". However, Plaintiffs deny each and every remaining allegation in Paragraph 13 of the Counterclaim and demand strict proof thereof.

14.    Plaintiffs admit that emails were exchanged between Phillip and Franklin on August 25, 2017. Plaintiffs also admit that Phillip communicated by email on this same day that Plaintiffs expected to be reimbursed for an expenses necessary to clean the property of Tristan Stearman ("Tristan") damaged from the pest issues at the apartment unit and complex. However, Plaintiffs deny each and every remaining allegation in Paragraph 14 of the Counterclaim and demand strict proof thereof.

15.     Plaintiffs admit that emails were exchanged between Phillip and Franklin on August 25, 2017. Plaintiffs also admit that Franklin emailed Phillip on this day to tell him Regional Director, Matthew Letendre ("Letendre"), would follow-up with Phillip after returning to the office from prepping for Hurricane Harvey. However, Plaintiffs deny each and every remaining allegation in Paragraph 15 of the Counterclaim and demand strict proof thereof.

16.     Plaintiffs admit that Franklin emailed Phillip on September 5, 2017. Plaintiffs also admit that in this email Franklin gave the email address for Letendre. However, Plaintiffs deny each and every remaining allegation in Paragraph 16 of the Counterclaim and demand strict proof thereof.

17.     Plaintiffs admit that Phillip emailed Letendre on September 6, 2017. However, Plaintiffs deny each and every remaining allegation in Paragraph 17 of the Counterclaim and demand strict proof thereof.

18.     Plaintiffs admit that Letendre emailed Phillip on September 8, 2017. However, Plaintiffs deny each and every remaining allegation in Paragraph 18 of the Counterclaim and demand strict proof thereof.

19.     Plaintiffs admit that emails were exchanged between Phillip and Letendre on September 11, 2017. Plaintiffs also admit that Phillip requested in an email to Letendre on this same day "your lawyers name and contact info." Plaintiffs admit that Phillip emailed Letendre on September 12, 2017 and informed him that

he had a duty to find a new tenant for this apartment under Alabama law. However, Plaintiffs deny each and every remaining allegation in Paragraph 19 of the Counterclaim and demand strict proof thereof.

20.     Plaintiffs deny the allegations contained in Paragraph 20 of the Counterclaim and demand strict proof thereof.

21.     Plaintiffs deny the allegations contained in Paragraph 21 of the Counterclaim and demand strict proof thereof.

22.     Plaintiffs deny the allegations contained in Paragraph 22 of the Counterclaim and demand strict proof thereof.

## **COUNT ONE**

23.     The allegations in Paragraph 23 of the Counterclaim do not require a response from Plaintiffs. If a response is required, Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaim.

24.     Plaintiffs admit that they entered into a lease agreement with Vesper. However, Plaintiffs deny each and every remaining allegation in Paragraph 24 of the Counterclaim and demand strict proof thereof.

25.     Plaintiffs deny the allegations contained in Paragraph 25 of the Counterclaim and demand strict proof thereof.

26.     Plaintiffs deny the allegations contained in Paragraph 26 of the Counterclaim and demand strict proof thereof.

27.     Plaintiffs deny the allegations contained in Paragraph 27 of the Counterclaim and demand strict proof thereof.

Plaintiffs deny the allegations and prayers for relief sought in the unnumbered paragraph following Paragraph 27 of the Counterclaim, denies that Vesper is entitled to the relief sought therein, and demands strict proof thereof.

## COUNT TWO

28.     The allegations in Paragraph 28 of the Counterclaim do not require a response from Plaintiffs. If a response is required, Plaintiffs deny the allegations contained in Paragraph 28 of the Counterclaim.

29.     Plaintiffs deny the allegations contained in Paragraph 29 of the Counterclaim and demand strict proof thereof.

30.     Plaintiffs deny the allegations contained in Paragraph 30 of the Counterclaim and demand strict proof thereof.

31.     Plaintiffs deny the allegations contained in Paragraph 31 of the Counterclaim and demand strict proof thereof.

Plaintiffs deny the allegations and prayers for relief sought in the unnumbered paragraph following Paragraph 31 of the Counterclaim, denies that Vesper is entitled to the relief sought therein, and demands strict proof thereof.

## COUNT THREE

32.     The allegations in Paragraph 32 of the Counterclaim do not require a

response from Plaintiffs. If a response is required, Plaintiffs deny the allegations contained in Paragraph 32 of the Counterclaim.

33.     Plaintiffs deny the allegations contained in Paragraph 33 of the Counterclaim and demand strict proof thereof.

34.     Plaintiffs deny the allegations contained in Paragraph 34 of the Counterclaim and demand strict proof thereof.

35.     Plaintiffs deny the allegations contained in Paragraph 35 of the Counterclaim and demand strict proof thereof.

36.     Plaintiffs deny the allegations contained in Paragraph 36 of the Counterclaim and demand strict proof thereof.

37.     Plaintiffs deny the allegations contained in Paragraph 37 of the Counterclaim and demand strict proof thereof.

38.     Plaintiffs deny the allegations contained in Paragraph 38 of the Counterclaim and demand strict proof thereof.

Plaintiffs deny the allegations and prayers for relief sought in the unnumbered paragraph following Paragraph 38 of the Counterclaim, denies that Vesper is entitled to the relief sought therein, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Plaintiffs in this matter. Plaintiffs therefore assert sad defenses in order to preserve the right to assert them. Plaintiffs reserve the right to amend this Answer and the below defenses. Further answering by way of defense and affirmative defense, Plaintiffs state as follows:

### **First Affirmative Defense**

The Counterclaim fails to state a claim upon which relief can granted.

### **Second Affirmative Defense**

Vesper's claims are barred by the governing contractual documents and Alabama law.

### **Third Affirmative Defense**

Plaintiffs deny each and every allegation of the Counterclaim and demand strict proof thereof.

### **Fourth Affirmative Defense**

Vesper's claims are barred for the lack of consideration or failure of consideration.

### **Fifth Affirmative Defense**

Plaintiffs assert the defense of setoff.

## Sixth Affirmative Defense

Any damages sustained by Vesper were solely and proximately caused by the acts and/or omissions of Vesper or third-parties, over which Plaintiffs had no control.

## Seventh Affirmative Defense

Vesper's claims for damages are due to be dismissed because Vesper has no basis for the damages sought and/or is the cause or contributing cause of any damages Vesper proves exist.

## Eighth Affirmative Defense

Plaintiffs acted in good faith and for a reasonable business purpose as to any and all decisions Plaintiffs made in regards to carrying out the terms of the contract.

## Ninth Affirmative Defense

Plaintiffs plead waiver.

## Tenth Affirmative Defense

Vesper's claims fail in whole or in part due to Vesper's failure to mitigate Vesper's damages.

## Eleventh Affirmative Defense

Plaintiffs plead unclean hands.

**Twelfth Affirmative Defense**

Vesper's claims are barred under Alabama's Uniform Residential Landlord Tenant Act – *Alabama Code of 2009*, § 35-9A-101, *et seq*.

**Thirteenth Affirmative Defense**

Vesper's claims are barred, in whole or in part, by Vesper's failure to act reasonably, prudently, and in accordance with its own legal and contractual obligations.

**Fourteenth Affirmative Defense**

Plaintiffs contest all damages claimed by Vesper in this lawsuit and that Vesper has no legal grounds for seeking attorney's fees.

**Fifteenth Affirmative Defense**

Plaintiffs performed all duties required of Plaintiffs under the applicable contracts, corporate documents, and Alabama's laws.

**Sixteenth Affirmative Defense**

Plaintiffs carried each and every duty of the contract required of them, but Vesper did not do the same.

**Seventeenth Affirmative Defense**

Vesper's claims, or some of them, are barred by accord and satisfaction.

**Eighteenth Affirmative Defense**

Plaintiffs assert the defense of laches.

### Nineteenth Affirmative Defense

The conditions precedent to require Plaintiffs to pay any additional money to Vesper have not been met.

### Twentieth Affirmative Defense

Vesper fails to plead claims with particularized facts or information.

### Twenty-First Affirmative Defense

Vesper breached terms of the contract.

### Twenty –Second Affirmative Defense

Plaintiffs plead fraudulent inducement and misrepresentation.

### Twenty-Third Affirmative Defense

Plaintiffs plead that Vesper was not entitled to a cure period because the defect in the apartment unit and complex made them both unsafe, unhealthy, and uninhabitable.

### Twenty-Fourth Affirmative Defense

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, *Ala.Code* (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect.  Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

*See, Honda Motor Company Limited v. Oberg*, No. 93-644, n.9 (U.S.Sup.Ct. June 24, 1994)(1994 W.L. 276687)(U.S.Or.).

<u>**Twenty-Fifth Affirmative Defense**</u>

Vesper's claims are subject to the limitations and protections of § 6-11-27, *Ala.Code*.

<u>**Twenty-Sixth Affirmative Defense**</u>

Vesper's claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States.

<u>**Twenty-Seventh Affirmative Defense**</u>

Plaintiffs deny that Vesper is entitled to any award of punitive damages.

<u>**Twenty-Eighth Affirmative Defense**</u>

Plaintiffs' claim for punitive damages are barred to the extent that it seeks the admission into evidence of Plaintiffs' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Plaintiffs' status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and

Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### Twenty-Ninth Affirmative Defense

The Alabama Statute authorizing punitive damages, *Ala.Code* § 6-1-20 (1993), is constitutionally vague as written, construed, and applied.

### Thirtieth Affirmative Defense

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiffs for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reason-able doubt, and to a speedy trial would violate these defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1,5,6,7,9,11,13, and 22 of the Alabama Constitution.  These rights will be violated unless Plaintiffs are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Plaintiffs for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## Thirty-First Affirmative Defense

The claims of Vesper for punitive damages against Plaintiffs cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Plaintiffs' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## Thirty-Second Affirmative Defense

The claims of Vesper for punitive damages against Plaintiffs cannot be upheld, because any award of punitive damages under Alabama law for the purpose of compensating Vesper for elements of damage not otherwise recognized by Alabama law would violate these Plaintiffs' due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## Thirty-Third Affirmative Defense

The claims of Vesper for punitive damages against Plaintiffs cannot be upheld to the extent they are a violation of any law passed by the United States Congress of the Alabama Legislature limiting awards of punitive damages.

## Thirty-Fourth Affirmative Defense

Vesper's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v Gore*, 116 S.Ct. 1589 (1996).

### Thirty-Fifth Affirmative Defense

Vesper's claims are barred because any and all damages that may have been suffered by Vesper were caused by intervening and/or superseding cause, and were not the proximate cause of Plaintiffs.

### Thirty-Sixth Affirmative Defense

Some or all of Vesper's claims are barred by the applicable statute of limitations.

### Twenty-Seventh Affirmative Defense

Some or all of Vesper's claims are barred by the doctrine of estoppel.

### Thirty-Eighth Affirmative Defense

Plaintiffs plead breach of warranty of habitability.

### Thirty-Ninth Affirmative Defense

Plaintiffs plead the contract at issue in this action was void or voidable.

### Fortieth Affirmative Defense

Vesper's claims are barred because Vesper did not deliver possession of the premises to Plaintiffs in compliance with the rental agreement and Section 35-9A-204.

Respectfully submitted on November 25, 2019, by

 /s/ K. Amanda Barton
K. Amanda Barton (ASB-4561-I62H)
BARTON LAW, LLC

311 Magnolia Ave., Suite 107
Fairhope, Alabama 36532
Telephone:   (251) 300-2503
Facsimile:    (251) 928-3943
kab@bartonlawpractice.com
*Attorney for Plaintiffs/Counter-Defendants,*
*Phillip C. Stearman and Tristan Stearman*

**OF COUNSEL:**

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, P.C.
21 South Section Street
Fairhope, AL 36532
Phone: (251) 345-1234
Fax: (251) 990-0626
epunderwood@alalaw.com
*Attorney for Plaintiffs/Counter-Defendants,*
*Phillip C. Stearman and Tristan Stearman*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2019, I served a copy of the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to the following counsel of record:

Matthew W. Robinett
Email: mrobinett@nwkt.com

Jason L. Yearout
Email: jyearout@yearout.net

Kirkland E. Reid
Email: kreid@joneswalker.com

Clay A. Tindal
Email: clay@tindalfirm.com

Troy T. Tindal
Email: troy@tindallaw.net

*/ s/ K. Amanda Barton*
K. Amanda Barton